## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LAURIE BRUCE**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 24-459-JWD-RLB**

**PRASAD JOSHI, ET AL.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (R. Doc. 3).

On or about August 15, 2023, Laurie Bruce ("Plaintiff") filed this action in State court against the defendants Prasad Joshi ("Joshi") and Ace American Insurance Company ("Ace") (collectively, "Defendants") seeking to recover damages with respect to a motor vehicle collision. (R. Doc. 1-4). The Petition is silent with respect to the amount in controversy. Nevertheless, Plaintiff alleges that she suffered severe injuries, including to the neck/upper back, lumbar/lower back, thoracic back/area between the shoulder blades; right and left shoulders; and left ankle and left foot. (R. Doc. 1-4 at 3). Plaintiff seeks recovery for physical pain and suffering; mental pain, anguish, and distress; medical expenses; loss of enjoyment of life; and property damage including the diminished value of the 2016 Jeep Patriot involved in the incident. (R. Doc. 1-4 at 3-4).

There is no dispute that Joshi was the last-served defendant on November 28, 2023. (R. Doc. 1 at 2; R. Doc. 3 at 1).

Defendants removed the action on June 7, 2024, asserting that this Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). The Notice of Removal asserts that there is complete diversity because Plaintiff is a citizen of Louisiana, Joshi is a citizen of Texas, and Ace is a citizen of Pennsylvania. (R. Doc. 1 at 3). The Notice of Removal further asserts that on May 8, 2024, Plaintiff provided written discovery responses and medical records associated

with her post-accident treatment indicating that Plaintiff had incurred $28,720.61 in past medical expenses, underwent both lumbar and cervical ESIs, was recommended to undergo cervical medical branch blocks, was treated for concussive symptoms, and suffered from "a disc bulge at L1-L2, a disc bulge at L3-4, a herniation at L5-S1, a C3-C4 disc bulge, a C4-C5 disc bulge and a disc bulge at C5-C6." (R. Doc. 1 at 4-6; *see* R. Doc. 1-5, 1-6).

In seeking remand, Plaintiff argues that removal was untimely because it was more than 30 days after Joshi was served, and the Court lacks diversity jurisdiction given that the amount in controversy is not "facially apparent" from the Petition or Plaintiff's discovery responses. (R. Doc. 3). In opposition, Defendants argue that removal was timely because the initial pleading did not trigger the 30-day deadline to remove, and the jurisdictional amount is satisfied given the summary judgment type evidence submitted with the Notice of Removal. (R. Doc. 4). Plaintiff has not sought leave to reply to these arguments.

Given the record, the Court will set oral argument and require Plaintiff to file a written reply memorandum addressing the arguments set forth by Defendants. With respect to the alleged untimeliness of removal, Plaintiff must specifically address whether the Petition in this action satisfies the "bright line rule . . . that the thirty-day clock is not triggered unless the initial pleading 'affirmatively reveals on its face' . . . the plaintiff's sought damages exceeding the jurisdictional amount." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Plaintiffs who wish to trigger the 30-day period for removal from the defendant's receipt of the initial pleading must "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163.

With respect to the amount in controversy requirement, Plaintiff must specifically address decisional law in support of a finding that the summary judgment type evidence submitted by Defendants does not support a finding that the jurisdictional amount has been satisfied where, as here, the Plaintiff has incurred nearly $30,000 in medical expenses, Plaintiff has suffered a disc herniation and multiple disc bulges, and there is evidence of treatment for concussive symptoms. *See*, *e.g.*, *Vasquez v. Johnson*, No. 22-150, 2022 WL 1698678, at *2 n.1 (M.D. La. May 3, 2022) (noting that the Court could exercise diversity jurisdiction where the plaintiff acknowledged that the amount in controversy requirement was satisfied and "suffered cervical and lumbar disc herniations"), *report and recommendation adopted*, 2022 WL 1695782 (M.D. La. May 26, 2022); *Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (jurisdictional amount satisfied where the plaintiff suffered a herniated disc, incurred over $30,000 in medical expenses, and offered to settle the claim for $1 million), *report and recommendation adopted*, 2016 WL 4033981; *Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394, 2016 WL 1317937, at *3 (M.D. La. Mar. 11, 2016) (amount in controversy satisfied in light of $26,637.57 in medical bills and Plaintiff's diagnosis of the following conditions: "concussion with loss of consciousness, post-concussion syndrome, headaches, carpal tunnel syndrome, herniated lumbar disc(s), bulges of the cervical spine, and neck pain."), *report and recommendation adopted*, 2016 WL 1337655 (M.D. La. Apr. 1, 2016); *Vincent v. SCC Transp. LLC*, No. 21-512, 2022 WL 571868 (W.D. La. Feb. 8, 2022) (jurisdictional amount satisfied where the plaintiff incurred an epidural steroid injection, was recommended to undergo lumbar facet injection, had undergone hernia surgery, and had incurred over $20,000 in medical expenses), *report and recommendation adopted*, 2022 WL 569170 (W.D. La. Feb. 24, 2022); *Brown v. Phoenix Ins. Co.*, No. 20-1792, 2020 WL 4697087, at *2 (E.D. La. Aug. 13, 2020)

(jurisdictional amount satisfied where the plaintiff suffered "several disc herniations and bulges in his cervical and lumbar spine for which he has received chiropractic treatments for neck and back pain and undergone two lumbar steroid injections").

In light of the foregoing,

**IT IS ORDERED** that **ORAL ARGUMENT** is set on Plaintiff's Motion to Remand (R. Doc. 3) on **September 18, 2024 at 10 a.m.** before the undersigned in Courtroom 6.

**IT IS FURTHER ORDERED** Plaintiff shall file a reply memorandum, not to exceed 10 pages, **on or before September 12, 2024**. If a review of the applicable case law indicates that the removal was timely and the amount in controversy requirement is satisfied, Plaintiff may seek to withdraw the pending Motion to Remand (R. Doc. 3).

Signed in Baton Rouge, Louisiana, on August 29, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**